**Opel CAUSEY, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

No. 76–613.

Supreme Court of Kentucky.

Feb. 18, 1977.

Rehearing Denied June 10, 1977.

Jack Emory Farley, Public Defender, Larry H. Marshall, Asst. Public Defender, Frankfort, for appellant.

Robert F. Stephens, Atty. Gen., Guy C. Shearer, Asst. Atty. Gen., Frankfort, for appellee.

JONES, Justice.

Opel Causey was tried for first degree rape, found guilty, and sentenced to 20 years' imprisonment. He filed motion and grounds for a new trial. That motion was overruled. Opel appeals from the judgment and order denying the motion. His grounds for reversal are, (1) he was entitled to a directed verdict because the prosecution failed to establish the required corpus delicti of the alleged rape, (2) that the prosecuting witness was not competent to testify because of her age, and (3) he was denied his constitutional right to present evidence that another person or persons might have been responsible for the condition of the prosecutrix.

Opel had been living with his sister Billie Jean Knight and her three children for about two or three months. On January 26, 1976, Billie Jean had given the children their baths and put them to bed. She and her daughter Linda went outside to talk to her nephew. She left the other children with Opel. On voir dire the victim, Opel's niece, testified she was nine years of age, in the fourth grade, and made good grades. She knew Opel was her uncle, the brother of her mother.

When the niece went to sleep she was wearing night clothing consisting of pants and a shirt. When she awakened, her Uncle Opel was in bed with her and her pants were pulled down. Opel was also "touching and pushing" at the private parts of her body with the private parts of his body. She testified that Opel was "pushing his pee wee into her" when she awakened.

The niece kicked Opel. He got up and went to the bathroom. When he came out he took his own bed. The niece ran to the bathroom, "looked at herself down between her legs and it was bleeding." She testified that "Opel's thing pressed into her a little teeny way, enough to make her bleed." She was taken to the hospital and examined by a doctor. Billie Jean was so furious at her brother that she tried to shoot him with a .25 caliber pistol, which failed to fire. She ordered him to leave.

The doctor testified that he examined the victim and found "she had redness at both lavia (sic) and reddened areas around her urethra." He also testified that the physical condition that he found upon her body was consistent with a male sexual organ seeking to force entry into her body. On cross-examination he testified that he found no lacerations on the body.

 The fact of penetration may be proven by circumstances. Here, the positive statements of the victim were supported by her visible injuries. That, coupled with the fact that there was blood on her panties, was sufficient corroborative evidence of penetration necessary to constitute the offense. It is noted that when Billie Jean accosted her brother, "He came to his feet and started putting on his clothes and started saying he hadn't done anything." When he made that statement Billie Jean had not accused Opel.

It is the view of this court that the victim's testimony, when considered in light of the medical evidence, and Opel's spontaneous statement without accusation, was enough to create a submissible issue on the question of penetration. *Trimble v. Commonwealth,* Ky., 447 S.W.2d 348 (1969); *Hale v. Commonwealth,* 196 Ky. 44, 244 S.W. 78 (1922); *Moseley v. Commonwealth,* 206 Ky. 173, 266 S.W. 1048 (1924).

This court is of the opinion there is no merit in Opel's argument that his niece was not competent to testify. Furthermore, Opel's failure to object to the victim's testimony constituted a waiver. A person who is offered as a witness is presumed to be competent to testify until the contrary is shown. The burden of showing incompetency is on the party objecting on that ground. Hence the error, if any, is not preserved for appellate review. *Hale,* supra.

This court is of the opinion that the trial court properly ruled that any testimony as to the prosecutrix having had boy friends be limited to the evening her bleeding, injury and bruises were sustained.

The trial court instructed the jury on the whole law of the case. He followed verbatim Palmore, *Kentucky Instructions to Juries, A Revision of Stanley,* Sec. 2.32, pgs. 89 and 90. The jury heard all of the evidence. It observed the demeanor of the witnesses. This court is not willing to substitute its judgment for that of a properly instructed jury.

The judgment is affirmed.

All concur.