**Michael Chad DOTSON, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

**No. 87–SC–135–MR.**

Supreme Court of Kentucky.

Nov. 25, 1987.

As Corrected Nov. 25, 1987.

David R. Marshall, Fayette County Legal Aid, Inc., Lexington, for appellant.

David L. Armstrong, Atty. Gen., Gerald Henry, Asst. Atty. Gen., Frankfort, for appellee.

WINTERSHEIMER, Justice.

This appeal is from a judgment based on a jury verdict which convicted Dotson of kidnapping and robbery in the first degree. He was sentenced to ten years on each charge to run consecutively.

The issue is whether the trial judge committed reversible error when he ordered the sentences to run consecutively rather than concurrently as the jury had recommended.

In accordance with KRS 532.055, a sentencing hearing was conducted and the jury returned a recommendation that Dotson be sentenced to ten years for robbery and ten years for kidnapping to be served concurrently. The trial judge presented to both counsel the question concerning the recommendation of the jury as to concurrent sentences. At a sentencing hearing conducted after the receipt of the probation and parole presentence investigation report, the trial judge imposed consecutive ten-year sentences for a total of twenty years. This appeal followed.

This Court affirms the judgment of the circuit court because the trial judge is not bound to accept the recommendation of the jury as to sentencing.

The argument presented by Dotson is that the trial judge has the discretion to lower a recommended sentence but that because of KRS 532.055, the trial judge is otherwise bound by the recommendation of the jury.

KRS 532.055 does not impose a duty on the trial judge to accept the recommendation of the jury as to sentencing. The recommendation remains only a recommendation and has no mandatory effect. The jury recommendation as to concurrent or consecutive sentencing is equally unaffected by the new statute which provides that the jury shall "recommend" whether the sentences shall be served concurrently or consecutively. There is nothing mandatory or binding upon the judge as to the recommendation.

KRS 532.110(1) also provides that the court shall determine at the time of sentencing whether multiple sentences shall run concurrently or consecutively. KRS 532.110 was amended and became effective on the same date as KRS 532.055.

In all felony cases the jury in its initial verdict makes a determination of guilt or innocence. Then the jury makes a recommendation to the trial judge who imposes the final sentence. In making the initial determination, it is clear that this action is subject to the final imposition of sentence by the trial judge. These distinct activities have significance, meaning and importance. They are not automatic or *pro forma*. Each entity in the sentencing system as established by the legislature has a specific statutory role. KRS 532.055(2) provides in part that the jury will determine punishment. Such determination relates to the initial establishment of a sentence and not to how or in what manner the sentence is to be served. The same section also states that the jury will only recommend whether the sentences shall be served concurrently or consecutively.

KRS 532.055(2)(c) also provides in a later section that the jury shall recommend a sentence upon the conclusion of the proof in the sentencing hearing. These sections are not in such conflict so as to benefit this defendant.

The trial judge always has the power to reduce a sentence and not to increase one. However here the *method of service of sentence is subject only to a recommendation by the jury*.

Considering either provision of the statute the *jury's function is only to recommend*.

The trial judge must consider the recommendation of the jury but may also have before him the presentence investigation report which has a legitimate role in the total sentencing process. This is a proper blend of jury and judge sentencing with each having a particular function.

This procedure does not increase the sentence although it obviously increases the possibility as to the length of the time served. The actual length of the sentence is determined by the behavior of the person imprisoned, considerations made by the parole board and the computations by the corrections cabinet.

There is no statutory provision for the jury to fix the manner of serving a sentence.

Here the jury found Dotson guilty of two separate crimes, kidnapping and robbery, and fixed two separate sentences of ten years for each. Then they recommended that the two sentences be served concurrently. There is no requirement that the trial judge accept the recommendation as made in any respect. KRS 532.110(1) clearly provides that where multiple sentences of imprisonment are imposed for more than one crime, such sentences shall run concurrently or consecutively as the trial judge shall determine at the time of sentencing.

KRS 532.070, which provides that a trial judge may modify a sentence downward does not apply to this situation.

Accordingly the consecutive sentencing imposed by the trial court was proper, there is no duty under KRS 532.055 to accept the recommendation of the jury as to concurrent sentencing.

The judgment of the circuit court is affirmed.

STEPHENS, C.J., and GANT, STEPHENSON and VANCE, JJ., concur.

LEIBSON, J., dissents by separate opinion.

LAMBERT, J., joins in his dissent.

LEIBSON, Justice, dissenting.

Respectfully, I dissent.

The jury has sentenced Dotson to a total of ten years for his crimes, and the trial judge has sentenced him to twenty years. We have affirmed in an Opinion stating that "[t]his procedure does not increase the sentence," and then attempting to explain why this is so.

No amount of circumlocution will serve to satisfactorily explain the unexplainable. Nor will it change the results. Dotson has been ordered to serve twenty years instead of ten. Parole eligibility and computation of sentence have increased accordingly.

The rationale offered for permitting the trial judge to run the sentences consecutively for a total of twenty years, although the jury decided that the sentences should be run concurrently for a total of ten years, is that the jury is not provided enough information to make this decision. But the new sentencing scheme provided in KRS 532.055, the so-called "Truth–In–Sentencing" statute (hereinafter "TIS") contemplates that by carrying out its provisions the jury will be provided whatever background is appropriate to properly complete the sentencing function. At least this was the theory, and the primary reason, advanced in *Commonwealth v. Reneer*, Ky., 734 S.W.2d 794 (1987) for granting the statute comity. The contrary assumption, that TIS will fail to provide adequate information to let the jury decide the appropriate sentence, is the assumption underlying the present case. If this new assumption, in conflict with *Reneer*, is good reason for anything, it is for refusing to apply the TIS proviso permitting the jury to decide whether the sentences that the jury imposes shall be served "concurrently or consecutively." But it is bad reason to support using TIS as a new procedural device to extract harsher punishment. This is the net effect if the terms of years which the jury orders served concurrently can be reordered served consecutively.

It is important to note that in *Reneer* we provided a caveat:

"[T]his Court has the power to preempt the statute by the promulgation of different rules of procedure at any time we determine it necessary. We reserve the right to consider any *abuses* or *injustices* alleged to be *caused* by KRS 532.055 when presented by a proper case...." [Emphasis added.] 734 S.W. 2d at 798.

This commitment to correct "abuses or injustices ... caused" by TIS is broken in the present case. The new sentencing procedure followed here has indeed resulted in abuse and injustice.

Why? Because heretofore under KRS 532.070, "Court modification of felony sentences," the judge could only mitigate the punishment recommended by the jury. Now we have a new use of the word "recommend" in jury sentencing, disregarding KRS 532.070 and permitting the judge to increase the punishment.

The distinctions between "recommend," "decide," "determine," "fix," "set," etc., in the Kentucky jury/judge sentencing scheme are semantic illusions, not structural devices. The language of TIS, in itself, makes this abundantly clear because it uses "determine" and "recommend" interchangeably in describing the jury's function. In the first paragraph of subsection (2) the statute says that "the jury will determine the punishment to be imposed" and in subsection (c) of paragraph (2) the statute says "[t]he jury shall ... recommend a sentence for the defendant." The fact that the word "recommend" is used in connection with determining whether the sentences shall be served concurrently or consecutively logically must be regarded as pure happenstance.

This problem in semantics has heretofore manifested itself repeatedly in death penalty cases where the use of the word "recommend" is condemned as failing to accurately describe the jury's function. *See Caldwell v. Mississippi*, 472 U.S. 320, 105 S.Ct. 2633, 86 L.Ed.2d 231 (1985). We have wrestled with this problem repeatedly in cases such as *Kordenbrock v. Commonwealth*, Ky., 700 S.W.2d 384 (1985), and labeled the misuse as reversible error on at least two occasions, *Ice v. Commonwealth*, Ky., 667 S.W.2d 671, 672, 676 (1984) and *Ward v. Commonwealth*, Ky., 695 S.W.2d 404, 407–08 (1985). In my Concurring Opinion in *Ward*, I state:

"While it is true that KRS 532.025(1)(b) provides that the jury shall 'recommend a sentence for the defendant,' the fact is when the jury votes the death penalty, it is much more than merely a recommendation. Unless the jury so recommends, the trial judge cannot impose such a sentence. If the jury so recommends, almost without exception the trial judge has followed the jury's recommendation by imposing the death penalty.

RCr 9.84, titled 'Penalty,' recognizes the true nature of the jury's function. It provides '(1) When the jury returns a verdict of guilty it shall *fix* the degree of the offense and the penalty....' (Emphasis added). At all stages of the trial we should require that counsel and the court use the word 'fix' as provided in RCr 9.84, rather than the word 'recommend' which is misleading." 695 S.W.2d at 408–09.

The Majority Opinion has explained carefully, but unsatisfactorily, why the new TIS statute does not override the former statutory sentencing scheme in KRS 532.110 by which the judge alone decided whether sentences should be served concurrently or consecutively. The explanation overlooks the fact that the jury is now required by the court's instructions to consider whether sentences are to be run consecutively or concurrently in deciding upon the appropriate punishment. In effect the jury delivers a bottom line figure. This is a fundamental change in procedure which cannot be logically ignored.

Further, it is illogical to retain one portion of the former sentencing scheme, KRS 532.110, where it conflicts with the new sentencing scheme under TIS, but to disregard another equally important portion of the previous sentencing scheme, KRS 532.070, "Court modification of felony sentences," discussed above. The former sentencing structure is thus explained in the Commentary to the Penal Code found following KRS 532.060:

"[E]verything that the jury does is subject to correction by either the trial judge or the parole board, with one exception. That exception involves the assessment of the maximum possible term of imprisonment."

The Commentary explains that "a jury will occasionally fail to assess a penalty of sufficient length," but that "[t]his problem cannot be avoided if jury sentencing is to be retained."

We cannot rationally integrate the new TIS statute with the former sentencing scheme. The answer is, of course, that we should strike from TIS the proviso giving the jury the option to decide whether sentences should run consecutively or concurrently if this decision by the jury can be disregarded by the judge. The jury sentences as a package and the totality of the jury's sentence is undermined and distorted if the judge can pick and choose among the parts to extract the maximum.

In my Dissent in *Reneer*, I stated that the TIS scheme as a whole is unworkable, which it is. Having embraced this unworkable scheme we should at least, as we so committed ourselves, consider and correct where it creates an abuse. *Reneer*, 734 S.W.2d at 798, cited *supra*. However, if we are not prepared to tinker with the TIS scheme, we should at least, consistent with KRS 532.070, which permits court modification of a felony sentence only downward reducing a sentence, not increasing it, and the Commentary to the Penal Code explaining why this is so, quoted above, set aside the Order imposing consecutive sentences in the present case and require that the sentences run concurrently for a total of ten years as the jury has decided. The jury was called upon to decide an appropriate sentence for a single criminal episode involving two crimes, factoring in both the number of years and concurrent vs. consecutive sentencing. The judge cannot change one element without invalidating the whole equation.

Where there is conflict in penal statutes, the applicable rule of construction in former times was the "rule of lenity." The rule is that penal statutes are not to be extended by construction, but must be limited to cases clearly within the language used. *Commonwealth v. Malone*, Ky., 141 Ky. 441, 132 S.W. 1033 (1911). Moreover, "[d]oubts in the construction of a penal statute will be resolved in favor of lenity and against a construction that will produce extremely harsh or incongruous results." *Commonwealth v. Colonial Stores, Incorporated*, Ky., 350 S.W.2d 465, 467 (1961); *Boulder v. Commonwealth*, Ky., 610 S.W.2d 615, 618 (1980). In this case the former rule of "lenity" is transmogrified into a new rule of "lean-on-thee." The rule of lenity is a principle of long-standing that merits our continued respect.

LAMBERT, J., joins in this dissent.