KING, Justice,
dissenting.
Respectfully, I dissent from that portion of the majority opinion which holds that Dr. Sugarman was not the 6-year old victim’s treating physician and that her testimony constituted reversible error.
Dr. Sugarman, a board-certified pediatrician, examined the child victim upon the referral of the child’s family physician. During her testimony Dr. Sugarman stated that she: (1) examined the child for purposes of treatment; (2) conducted an examination and studies to determine if the child had any sexually transmitted diseases; (3) evaluated the child to determine if the child needed emotional counseling; and (4) having determined such a need existed, referred the child for counseling.
The majority’s reliance upon Sharp v. Commonwealth, Ky., 849 S.W.2d 542 (1993), *455 is misplaced. The differences between Sharp and the present case are remarkable. Sharp is not applicable for four reasons: First, the testifying psychiatrist in Sharp was hired by a social agency which was conducting an investigation to determine if the children had been sexually abused. Second, it was clear from the psychiatrist’s testimony that his conference with the children was not for the purpose of treatment but merely to assess the need for treatment. Third, the testimony presented by the physician in Sharp “disclosed information which had little or no relevance as to treatment.” Fourth, the examination in Sharp was “remote in time from the event which may have given rise to the need for treatment.” Id. at 543^4.
In the present case, the trial judge found Dr. Sugarman was the child’s treating physician. Such a finding was clearly supported by the evidence and well within the trial court’s sound discretion.
The majority’s determination that Dr. Sug-arman was not the child’s treating physician does not end the inquiry. In Drumm v. Commonwealth, Ky., 783 S.W.2d 380 (1990), this Court adopted Federal Rule of Evidence 803(4) and held that the distinction between examining and treating physicians is not the sole criteria to determine the admissibility of patients’ statements to their doctors.
This approach eliminates problems in applying the rules caused by the “treating physician” restriction, problems as to which interviews are treatment and which are not, problems as to whether the child is too young to realize she is receiving treatment....
Id. at 385.
Subsequent to Drumm, KRE 803(4), which mirrors the federal rule, was adopted. That rule provides that statements are admissible when “made for purposes of medical treatment or diagnosis ... insofar as reasonably pertinent to treatment or diagnosis.” The fact that Dr. Sugarman only saw the child one time, prescribed no medication and personally conducted no counseling is not legally determinative of the admissibility of her testimony. The language of the rule makes it clear that it is the patient’s “purpose” in speaking to the physician which is legally paramount, not the findings or actions of the physician.
When the patient’s motive in visiting a physician is to obtain a medical diagnosis or medical treatment, the law recognizes the increased reliability of such a statement.
All that Drumm, supra, contemplates, is that a party offering such evidence lay sufficient foundation to show the relevance and reliability of the hearsay statements made by the victim, i.e., that circumstances surrounding the way the physician obtained these statements evinces their trustworthiness.
Jones v. Commonwealth, Ky., 833 S.W.2d 839, 841 (1992). In today’s world it is difficult to imagine a more compelling reason to provide a physician accurate information than seeking a determination of whether or not one has a sexually transmitted disease.
The trial court found that, “considering the case as a whole, ... the Court believes that the probative value of the evidence, as relates to the case history, outweighs any prejudicial effect to the defendant.” This finding was supported by the evidence and within the sound discretion of the trial court.
GRAVES and WINTERSHEIMER, JJ., join this dissent.