COMMONWEALTH of Kentucky,
Appellant,

v.

Cecil PELFREY, Appellee.

No. 97–SC–853–DG.

Supreme Court of Kentucky.

June 17, 1999.

Rehearing Denied Sept. 23, 1999.

A.B. Chandler III, Attorney General of Kentucky, Todd D. Ferguson, Assistant Attorney General, Frankfort, for appellant.

Oleh R. Tustaniwsky, Assistant Public Advocate, Department of Public Advocacy, Frankfort, for appellee.

JOHNSTONE, Justice.

The Commonwealth of Kentucky appeals from an opinion of the Kentucky Court of Appeals vacating the sentence of Cecil Pelfrey and remanding the case to the trial court for a new sentencing hearing upon the basis of ineffective assistance of counsel. We reverse.

A Fayette County Grand Jury indicted Cecil Wayne Pelfrey (Pelfrey) on October 11, 1993, and he was subsequently convicted of one count of first-degree sodomy (KRS 510.070) and five counts of first-degree sexual abuse (KRS 510.110). After finding Pelfrey guilty of abusing his step-daughter and step-grandson, the jury recommended a sentence of thirty-nine (39) years.

Pelfrey appealed his conviction to this Court as a matter of right and alleged that the trial court erred when it permitted the prosecutor to inquire into his prior bad acts, and that the trial court improperly excluded him from the courtroom during the competency hearing of one of the child victims. He made no challenge in his direct appeal regarding his sentence. We affirmed Pelfrey's conviction in an unpublished Memorandum Opinion rendered September 29, 1994.

On August 11, 1995, Pelfrey moved, pro se, for relief pursuant to Kentucky Rules of Criminal Procedure (RCr) 11.42 in a seventeen (17) page motion which alleged ineffective assistance of counsel, requested appointment of counsel, and requested an evidentiary hearing as well as written findings of fact and conclusions of law. The trial judge appointed an attorney and Pel-frey's court-appointed counsel filed a notice of submission and request for an evidentiary hearing which was followed by the Commonwealth's eleven (11) page response to the RCr 11.42 motion. The trial court denied the motion in a three (3) page order, without a hearing, on November 10, 1995.

On November 16, 1995, Pelfrey, pro se, filed a motion for findings of fact and conclusions of law, and requested that the November 10 opinion and order be vacated. The trial court conducted an evidentiary hearing on February 6, 1996, and again denied Pelfrey's motion on February 7.

Pelfrey appealed the trial court's denial of his RCr 11.42 motion to the Kentucky Court of Appeals raising three issues for consideration. A split panel affirmed the trial court on two issues, but found ineffective assistance of counsel during the sentencing stage. Two judges felt that trial counsel rendered ineffective assistance when he failed to object to the trial court's instructions regarding concurrent or consecutive sentences. We granted the Commonwealth's motion for discretionary review and for the reasons set forth below, we reverse the Court of Appeals.

■ The sole issue presented is whether trial counsel rendered ineffective assistance by his failure to object to the concurrent/consecutive sentence instruction given by the trial court. The majority of the Court of Appeals' panel found that the instructions given by the trial judge improperly directed the jury to run all of the sentences concurrently with each other, or all of the sentences consecutively with each other, in violation of *Stoker v. Commonwealth*, Ky., 828 S.W.2d 619 (1992). In *Stoker*, we were confronted with jury instructions which read as follows:

> You will further recommend in your verdict whether the punishments which you have fixed for the Defendant should run concurrently (at the same time) or con-

secutively (one to begin after the completion of the other).

The verdict form stated:

We, the jury, recommend that the punishments fixed for the Defendant shall run _____. concurrently or consecutively

*Id.* at 626.

We held that the above instruction did not allow the jury to run some of the sentences concurrently and some of the sentences consecutively, and stated:

Applying these principles, the only reasonable interpretation of these statutes is that, where there are more than two offenses, some may be run concurrently and some consecutively, and the jury should be advised accordingly.

*Stoker,* 828 S.W.2d at 627.

In the case *sub judice,* the jury instruction provided:

You will further recommend in your verdict whether the punishments which you have fixed for the Defendant should run concurrently (at the same time) or consecutively (one to begin after the completion of the other):

### CONCURRENTLY or
### CONSECUTIVELY
(circle one)

For a total of _____ years.

The Commonwealth attempts to distinguish the instruction at issue from the *Stoker* instruction. It argues that if these were the only two alternatives (all consecutive or all concurrent), there would have been no reason for the trial court to include the total number of years. Pelfrey counters that the additional phrase is a distinction without a difference.

While it is evident that the jury did not intend to run all of Pelfrey's sentences concurrently for a total sentence of twenty (20) years, nevertheless, the instructions are confusing. Trial judges would be well advised to follow the model instruction found in 1 Cooper, *Kentucky Instructions*

*to Juries* (Criminal), § 12.17 and § 12.19 (4th ed.1993), which reads:

#### Instruction No. ___

You will further recommend in your verdict whether [any or all of] the punishments which you have fixed for the Defendant under Counts _____ and _____ should be served concurrently (at the same time) or consecutively (one to begin after the completion of the other).

#### Instruction No. ___ Verdict

You must reach a separate verdict on each count described in these Instructions and a separate verdict on your recommendation as to whether [any or all of] the sentences should be served concurrently or consecutively.

#### Form verdict; multiple sentence recommendation

We recommend that the punishments fixed for the Defendant under Counts ___ and ___ above be served [as follows:]

_____

[ (any or all) concurrently or consecutively]

The model instruction more effectively informs a jury that it is not required to recommend that *all* sentences be run *all* concurrently or *all* consecutively, but that it may recommend that some sentences be run concurrently and others consecutively. More importantly, however, we note significant distinctions in the case at bar and the situation in *Stoker.* The *Stoker* court dealt with a properly preserved error on direct appeal. We address here an unpreserved error presented by a motion pursuant to RCr 11.42 alleging ineffective assistance of counsel. "There are errors which would require reversal on direct appeal but which do not justify vacating a judgment of conviction by a motion under RCr 11.42." *Schooley v. Commonwealth,* Ky.App., 556 S.W.2d 912, 917 (1977).

■ To sustain an allegation of ineffective assistance of counsel, Pelfrey must satisfy the two-pronged test set forth in the seminal case of *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *accord Gall v. Commonwealth,* Ky., 702 S.W.2d 37 (1985); *cert. denied* 478 U.S. 1010, 106 S.Ct. 3311, 92 L.Ed.2d 724 (1986). The *Strickland* test requires Pelfrey to make a showing that counsel's performance was deficient, and that the deficient performance prejudiced the defense. Unless the movant makes both showings, he cannot prevail in his attack. *Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064.

■ "The burden is upon the accused to establish convincingly that he was deprived of some substantial right which would justify the extraordinary relief afforded by the postconviction proceedings provided in RCr 11.42." *Dorton v. Commonwealth,* Ky., 433 S.W.2d 117, 118 (1968). "He must do more than raise a doubt about the regularity of the proceedings under which he was convicted. He must establish convincingly that he has been deprived of some substantial right which would justify the extraordinary relief afforded by this postconviction proceeding." *Commonwealth v. Campbell,* Ky., 415 S.W.2d 614, 616 (1967).

■ Pelfrey has failed to meet either prong of the *Strickland* test. First, he put forth no evidence to show deficient performance on the part of his trial counsel. At an evidentiary hearing regarding his RCr 11.42 motion conducted on February 6, 1996, Pelfrey asked no questions of his original trial counsel concerning the sentencing instruction at issue. Consequently, we do not know whether his trial counsel was aware of the *Stoker* case, whether trial counsel felt that the additional language regarding the number of years satisfied the *Stoker* problem, or whether failure to object was the product of trial strategy. It is well settled that judicial scrutiny of counsel's performance must be highly deferential. *Strickland,*

466 U.S. at 689, 104 S.Ct. at 2065. Because of the difficulties inherent in making a fair assessment of attorney performance, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland,* 466 U.S. at 689, 104 S.Ct. at 2065. There is no basis in the record before us to support the conclusion that counsel's assistance fell below the level of effective counsel required by *Strickland.*

■ Further, the Court of Appeals did not address the second prong of the test, namely, whether prejudice resulted from the alleged deficient performance. Pelfrey "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068. The trial jury recommended a sentence of thirty-nine (39) years for Pelfrey's crimes; however, the sentence was merely a recommendation and not binding on the court at final sentencing. *Wombles v. Commonwealth,* Ky., 831 S.W.2d 172 (1992). *See also Swain v. Commonwealth,* Ky., 887 S.W.2d 346 (1994); *Nichols v. Commonwealth,* Ky., 839 S.W.2d 263 (1992); *Jones v. Commonwealth,* Ky., 833 S.W.2d 839 (1992); and *Dotson v. Commonwealth,* Ky., 740 S.W.2d 930 (1987). Indeed, a review of the videotaped sentencing proceeding on January 7, 1994, reveals that Pelfrey's trial counsel moved the court to run the sentences concurrently despite the jury's recommendation. Counsel was indubitably aware that the jury's suggested sentence was not binding on the trial court. We fail to perceive how Pelfrey was prejudiced by a mere recommendation from the jury. Consequently, we hold that he has failed to meet the second prong of the *Strickland* standard.

For the reasons set forth above, the decision of the Court of Appeals is reversed and the sentence of the Fayette Circuit Court is reinstated.

COOPER, GRAVES, KELLER, and WINTERSHEIMER, JJ., concur.

STUMBO, J., dissents by separate opinion, with LAMBERT, C.J., joining that dissent.

STUMBO, Justice, dissenting.

Respectfully, I must dissent. The jury instruction at issue in this case was more than merely confusing; it was virtually identical to the flawed instruction given in *Stoker*, and, as such, it was clearly erroneous. I can conceive of no rational reason why defense counsel, had he been aware of the *Stoker* decision, would not have objected to the instruction and requested a proper, more clear version of same. Because counsel's performance was so obviously deficient, I believe Pelfrey has satisfied the first prong of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

As for the second prong of *Strickland*, that of prejudice, I believe *Stoker* quite aptly explains the type of prejudice which results from such an erroneous instruction. Although the jury clearly did not intend to run all of Pelfrey's sentences concurrently for a total sentence of 20 years, in determining that some of Pelfrey's sentence should run consecutively, it need not necessarily have concluded that *all* the sentences should run consecutively. Pelfrey was prejudiced by the mere fact that the jury was not properly informed it had the option of sentencing him to a period of time anywhere between 20 and 39 years. Furthermore, it is of little consequence that the trial judge had the ultimate power to sentence Pelfrey, and that the jury's verdict was simply a recommendation. As we did in *Stoker*, we should note that the trial judge here sentenced Pelfrey "in conformity with the jury's verdict," and acknowledge "the practical difficulty in doing

otherwise in the face of the jury's recommendation." *Stoker v. Commonwealth*, Ky., 828 S.W.2d at 619, 627 (1992).

Lastly, I cannot agree with the Court's refusal to reverse a case such as this, where clear error and prejudice have been conclusively demonstrated, simply because the error has been pointed out in the defendant's RCr 11.42 motion rather than on direct appeal. Is a defendant who has effective appellate counsel somehow worthier of due process and fair proceedings than one who does not? The error and the prejudice are the same whether brought to the Court's attention on direct appeal or on collateral attack. It follows that the remedy, too, should be the same.

For the reasons set forth above, I would affirm the Court of Appeals, vacate the sentence of 39 years, and remand the case for another sentencing hearing consistent with *Boone v. Commonwealth*, Ky., 821 S.W.2d 813 (1992).

LAMBERT, C.J., joins this dissenting opinion.