# IMPORTANT NOTICE
## <u>NOT TO BE PUBLISHED OPINION</u>

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED." PURSUANT TO THE RULES OF CIVIL PROCEDURE PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C), THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE CITED OR USED AS BINDING PRECEDENT IN ANY OTHER CASE IN ANY COURT OF THIS STATE; HOWEVER, UNPUBLISHED KENTUCKY APPELLATE DECISIONS, RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED DECISION IN THE FILED DOCUMENT AND A COPY OF THE ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE DOCUMENT TO THE COURT AND ALL PARTIES TO THE ACTION.

RENDERED: AUGUST 20, 2015
NOT TO BE PUBLISHED

$Supreme Court of Kentucky$

2014-SC-000313-MR

FINAL

DATE 9-10-15

CHAVEZ CORTEZ BYRD                      APPELLANT

V.            ON APPEAL FROM DAVIESS CIRCUIT COURT
HONORABLE JOSEPH W. CASTLEN, III, JUDGE
NO. 13-CR-00056

COMMONWEALTH OF KENTUCKY             APPELLEE

**MEMORANDUM OPINION OF THE COURT**

**AFFIRMING**

At approximately 1:30 A.M. on December 21, 2012, Appellant, Chavez Byrd and his co-defendants, Keelan Walton ("Walton") and Chris Byrd ("Chris"), burst into the residence shared by Chloe Palomo, Pablo Vargas, Javier Perea, and Ismael Moreno. Armed with a shotgun and a knife, Appellant, Walton, and Chris beat and robbed the three men who lived there. Appellant and his confederates then forced Ms. Palomo to perform oral sex on them. The three defendants were eventually arrested and indicted by a Daviess County Grand Jury and charged with first-degree burglary, first-degree robbery, and first-degree sodomy. Their cases were consolidated for trial.

A Daviess County Circuit Court Jury convicted Appellant, Walton, and Chris on all charges, and sentenced each defendant to twelve years' imprisonment on each count. The jury further recommended that the

sentences be served concurrently resulting in a total sentence of 12 years' imprisonment for each defendant.

At a subsequent sentencing hearing, the trial court ordered that Appellant and Walton's burglary and robbery sentences be served concurrently with each other. The court then ruled that those convictions be served consecutively with the sodomy conviction. However, the court accepted the jury's recommendation that all of Chris' sentences be served concurrently. Appellant now appeals his conviction and sentence as a matter of right pursuant to § 110(2)(b) of the Kentucky Constitution.

## Sentencing

Appellant claims that the trial court erred by admitting the testimony of jail personnel at Appellant's sentencing hearing. He specifically argues that the jail personnel testimony exceeded the type of evidence that the Commonwealth may present to the jury under KRS 532.055(2)(a). Appellant further contends that the court abused its discretion by ordering his robbery and burglary sentences to be served consecutively with his sodomy sentence. We disagree.

KRS 532.055(2)(a) limits the type of sentencing evidence that may be presented to the jury, not the trial court. Instead, courts retain broad discretion in deciding whether a defendant's sentences shall be served consecutively or concurrently. KRS 532.110(1); *see also Nichols v. Commonwealth*, 839 S.W.2d 263, 266 (Ky. 1992); *Dotson v. Commonwealth*, 740 S.W.2d 930 (Ky. 1987). In rendering its decision, the court must consider the information contained in the presentence investigation (PSI) report. KRS

2

532.050. In addition, KRS 532.007 requires that trial courts consider the likely effect of a sentence on the defendant's future criminal behavior. In applicable cases such as here, the court should also consider the presentence sex offender evaluation provided under KRS 17.554.

The record indicates that the trial court reviewed Appellant's PSI and sex offender evaluation prior to entering its final judgment.

Furthermore, Major Bill Billings testified at the sentencing hearing regarding Appellant's behavior while incarcerated. He stated that Appellant received 69 incident reports, most of which resulted from threats to jail staff and violence toward other inmates. Deputy Ashley Yeckering also testified that, while patrolling the high-risk cells in which Appellant was being held, Appellant made a lewd comment toward her. She prepared an incident report based on that comment. The trial court determined that Major Billings and Deputy Yeckering's testimony was consistent with Appellant's sex offender evaluation, demonstrated lack of remorse, and suggested that he was not amenable to rehabilitation.

The court properly observed the required sentencing procedures here. None of the pertinent statutory provisions previously discussed bind trial courts to consider *only* the information presented in the PSI or the presentence sex offender evaluation. *See Murphy v. Commonwealth*, 50 S.W.3d 173, 178 (Ky. 2001) (where trial court, acting contrary to the jury's recommendation, sentenced a juvenile to consecutive sentences based on factors not required to be included in the PSI). For sentencing purposes, trial courts are not confined

3

to the four corners of any pretrial report. Courts may also consider information that *could* have been included in such reports, as well as other instructive evidence such as the jail personnel testimony at issue here.

Moreover, KRS 17.554 specifically provides that the sex offender evaluation shall consider "[r]ecent behavior that indicates an increased risk of recommitting a sex crime[]" and "[r]ecent threats or gestures against persons or expressions of an intent to commit additional offenses . . . ." Having reviewed the record, the lewd comment proffered by Appellant towards Deputy Yeckering certainly constitutes behavior that should be considered under KRS 17.554.

The record also indicates that the court based its sentencing decision on Appellant's criminal history and risk of recidivism, as well as the significant threat Appellant posed to public safety. In contrast, the court found numerous mitigating factors with respect to Chris such as his lack of negative incident reports while incarcerated, his military service, possible Post Traumatic Stress Disorder diagnosis, and his demonstration of remorse and amenability to rehabilitation. The court accordingly ordered all of Chris' sentences to be served concurrently.

Such a facial disparity in sentencing does not equate to an abuse of the court's discretion. The court abuses its discretion only where the record entirely fails to support the court's sentencing determination as to a specific defendant. "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Goodyear Tire & Rubber Co. v. Thompson,* 11 S.W.3d 575, 581 (Ky.

4

2000) (*citing Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999)). Considering the evidence presented at the sentencing hearing, the trial court did not abuse its discretion in ordering Appellant's burglary and robbery sentences to be served concurrently with each other, and consecutive with the sodomy conviction.

## **Conclusion**

For the foregoing reasons, we hereby affirm the judgment of the Daviess Circuit Court.

All sitting. All concur.


COUNSEL FOR APPELLANT:

Steven Jared Buck
Assistant Public Advocate


COUNSEL FOR APPELLEE:

Jack Conway
Attorney General of Kentucky

Nathan Todd Kolb
Assistant Attorney General of Kentucky