RENDERED: FEBRUARY 17, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-1072-MR

STEVE HACKWORTH                                     APPELLANT

                   APPEAL FROM BOYD CIRCUIT COURT
v.                HONORABLE GEORGE W. DAVIS, III, JUDGE
                   ACTION NO. 20-CR-00178

COMMONWEALTH OF KENTUCKY                      APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, KAREM, AND TAYLOR, JUDGES.

TAYLOR, JUDGE: Steve Hackworth appeals the Final Judgment and Sentence of Imprisonment rendered by the Boyd Circuit Court on September 7, 2021, sentencing him to nine-years' incarceration following a jury trial. We affirm.

Hackworth was convicted by a jury of three counts of sexual abuse, first degree. The jury recommended a sentence of three years on each count to run consecutively for a total of nine-years' incarceration. Hackworth's appeal is

limited only to the jury instructions in the penalty phase of the trial.[1]  Specifically, he asserts the jury was improperly instructed as to concurrent and consecutive sentencing.  For the reasons stated, we disagree with this argument.

We begin by noting that Hackworth's argument on appeal is unpreserved.  The Commonwealth and Hackworth tendered proposed jury instructions, and at no time during the trial did Hackworth object to the instructions ultimately submitted to the jury.  Kentucky Rules of Criminal Procedure (RCr) 9.54(2); *Martin v. Commonwealth*, 409 S.W.3d 340, 346 (Ky. 2013).  Our review is therefore limited to palpable error pursuant to RCr 10.26.  "Appellate courts review[ ] unpreserved claims of error on direct appeal only for palpable error.  To prevail, one must show that the error resulted in manifest injustice." *Ford v. Commonwealth*, 628 S.W.3d 147, 155 (Ky. 2021) (internal quotation marks omitted).  RCr 10.26 states that, "[a] palpable error which affects the substantial rights of a party may be considered by the court on motion for a new trial or by an appellate court on appeal, even though insufficiently raised or preserved for review, and appropriate relief may be granted upon a determination that manifest injustice has resulted from the error."

---

[1] Steve Hackworth was convicted on three counts of sexual abuse in the first degree and conspiring to tamper with physical evidence.  He was acquitted of being a persistent felon in the second degree.  The underlying facts of those crimes are not relevant to the disposition of this appeal.

When a defendant is convicted of more than two offenses, the jury should be advised that some of the offenses may be run concurrently, and some may be run consecutively. *Stoker v. Commonwealth*, 828 S.W.2d 619, 627 (Ky. 1992). Hackworth argues the jury was not made aware that it could run some of the sentences consecutively and some concurrently. However, the language that Hackworth complains was not presented to the jury was, in fact, presented in the jury instructions. In the instant action, Penalty Phase Instruction No. 4 stated:

> You will further recommend in your verdict whether **any or all** of the punishments you fix for the Defendant under Counts 1, 2, and 3 should be served concurrently (at the same time) or consecutively (one to begin after the completion of the other).

> Penalty Phase Form Verdict No. 4 stated:

> **CHECK AND COMPLETE ONLY ONE OF THE FOLLOWING:**

> _____ We recommend that the punishments fixed under Counts 1, 2, and 3 be served concurrently (at the same time).

> _____ We recommend that the punishments fixed under Counts 1, 2, and 3 be served consecutively (one after another) for a total of _____ years.

(Emphasis added.)

The jury selected the second option, indicating each of the three-year sentences was to run consecutively with the others for a total of nine-years' incarceration.

We agree with the Commonwealth that *Stoker* is distinguishable from the case at bar. In *Stoker*, the jury recommended the sentences of the co-defendants run consecutively and the trial court followed the jury's recommendation. The jury was not instructed that some sentences could run concurrently and some consecutively. First, the error in *Stoker* was preserved. Second, *Stoker* involved two defendants accused of horrific abuse and a murder lingering in the background during the trial. In ruling the defendants' sentences should run concurrently, the Kentucky Supreme Court acknowledged that the facts and circumstances in *Stoker* were unique. To wit:

> [I]f the sentences are run concurrently the result will still be severe, 50 years for Ronald Stoker (which he received on each rape charge) and 30 years for Sheila Davis (which she received on each sodomy charge), with minimum parole eligibility under the violent offender statute, KRS [Kentucky Revised Statutes] 439.3401, of 50% of the sentence imposed, 25 years and 15 years, respectively.

> We recognize that technically it was the trial court, not the jury, that imposed consecutive sentences on all counts. But we also recognize that this was done in conformity with the jury's verdict and the practical difficulty in doing otherwise in the face of the jury's recommendation, given the highly inflammatory circumstances generated by a combination of factors including the inflammatory nature of the offenses and the murder conviction in the background. This was no ordinary case. These same circumstances also make it patently unreasonable to burden the trial court with the responsibility to decide once again which sentences should run consecutively and which concurrently, and to

do so fairly with the full weight of the knowledge of the jury's recommendation sitting on his shoulders.

The only other course available in present circumstances would be to set aside the sentencing phase of the trial entirely and to remand for a complete new trial of the sentencing phase. This is both an inadequate solution and a waste of judicial resources, and we decline this course of action.

In the situation presented, the only appropriate way to correct the sentencing error generating from the erroneous instructions for guidance is to look to the language of KRS 532.110(2), which provides:

> "If the court does not specify the manner in which a sentence imposed by it is to run, the sentence shall run concurrently with any other sentence which the defendant must serve."

*Stoker*, 828 S.W.2d at 627-28.

Jury instructions must be read as a whole. *Bills v. Commonwealth*, 851 S.W.2d 466, 471 (Ky. 1993) (internal citations omitted). Further, juries are presumed to follow the instructions given by the trial court. *Matheney v. Commonwealth*, 191 S.W.3d 599, 606 (Ky. 2006) (internal citations omitted). Although Kentucky Revised Statutes 532.055(2) requires the jury recommend whether the sentences run concurrently or consecutively, the jury's sentencing recommendation is just that – a recommendation – and not binding on the trial court. *See, e.g.*, *Murphy v. Commonwealth*, 50 S.W.3d 173, 178 (Ky. 2001); *Commonwealth v. Pelfrey*, 998 S.W.2d 460, 463 (Ky. 1999); *Nichols v.*

-5-

*Commonwealth*, 839 S.W.2d 263, 265 (Ky. 1992). When read as a whole, we discern no manifest injustice in the instructions submitted to the jury. Nor do we discern manifest injustice in the trial court's decision to follow the jury's sentencing recommendation.

Accordingly, the judgment of the Boyd Circuit Court is affirmed.

ALL CONCUR.

| BRIEFS FOR APPELLANT: | BRIEF FOR APPELLEE: |
|---|---|
| Karen Shuff Maurer<br>Frankfort, Kentucky | Daniel Cameron<br>Attorney General of Kentucky |
| | Melissa A. Pile<br>Assistant Attorney General<br>Frankfort, Kentucky |