**Pete DAVIS, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

May 26, 1967.

Pete Davis, pro se.

Robert Matthews, Atty. Gen., George F. Rabe, Asst. Atty. Gen., Frankfort, for appellee.

CLAY, Commissioner.

This is an appeal from an order overruling appellant's motion under RCr 11.42 to vacate a judgment imposing a life sentence for murder. Appellant claims his constitutional rights were violated because he was not represented by counsel when he was being interrogated by police officers concerning this crime. During such interrogation he made an oral confession which was subsequently used against him on the trial. He had pleaded not guilty, and at the trial he was represented by two court-appointed lawyers.

■ While appellant was not granted a full hearing on his motion, the court considered part of the transcript of the proceedings during appellant's trial. The question had there been raised as to the voluntariness of the confession and an extensive hearing was had during the trial on this issue. The trial judge found that the confession was voluntary, and such issue (aside from the question of the right to counsel) cannot be relitigated in this proceeding.

■ Under the principles announced in Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (decided June 22, 1964), and Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, 10 A.L.R.3d 974 (decided June 13, 1966), appellant would have been entitled to counsel during his interrogation by police officers. Our only question is whether the rules laid down in those cases should be applied retroactively since appellant was tried prior to the date of the decisions. In Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882, the United States Supreme Court held that the guidelines prescribed in Escobedo and Miranda should not be applied retroactively.

See also Smith v. Commonwealth, Ky., 412 S.W.2d 256. We find no error in the action taken by the trial court in overruling appellant's RCr 11.42 motion.

The judgment is affirmed.

All concur.