John E. DORTON, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Oct. 4, 1968.

John Simpson, Kelley Asbury, Catlettsburg, for appellant.

John B. Breckinridge, Atty. Gen., George Rabe, Asst. Atty. Gen., Frankfort, for appellee.

OSBORNE, Judge.

Petitioner made application to the Boyd Circuit Court for relief under RCr 11.42. After an extensive hearing, the court made exhaustive findings of fact and conclusions of law and denied relief. From the judgment of the circuit court, petitioner appeals to this court.

The charge against petitioner was wilful murder. To this charge he entered a plea of guilty and received a sentence of life imprisonment. No useful purpose would be served by a long recitation of the facts in this case. The crime was heinous and guilt of the accused is certain.

His main contention presently before the court is that the judgment is invalid because he was confined and interrogated before counsel was appointed for him and that he was represented at his trial by inadequate counsel. The trial court found against him upon both of these propositions. The findings are detailed and, in our opinion, correct.

■ Appellant was represented by retained counsel, who was a competent practicing attorney in this Commonwealth and who had a long and able career with great experience in practicing this type of case. We have previously pointed out, in what we believe to be forceful language, that this court absolutely will not turn back the clock and retry these cases in an effort to second guess what counsel should have or should not have done at the time. To follow such proceeding would be to deprive the judgments of our courts of any finality. The appellant is entitled to a fair trial under the law. He is not entitled to try the court and his lawyer and the law. Penn v. Commonwealth, Ky., 427 S.W.2d 808. The burden is upon the accused to establish convincingly that he was deprived of some substantial right which would justify the extraordinary relief afforded by the postconviction proceedings provided in RCr 11.-42. Again, we wish to emphasize the word *extraordinary*. Commonwealth v. Campbell, Ky., 415 S.W.2d 614.

■ As to appellant's contention that he was entitled to the appointment of counsel prior to any interrogation while confined, for which proposition he cites Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 and Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, 10 A.L.R.3d 974, we only wish to point out that appellant's case predated these decisions and they are not retroactive. See Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed. 2d 882; Davis v. Commonwealth, Ky., 415 S.W.2d 372.

■ Now as to appellant's contention that the confession which he made to the officers was not voluntarily given, we point out that the confession was not tendered or used in evidence against him, therefore, the question is now moot. Since the confession played no part in his prosecution or conviction it does not become pertinent upon a proceeding under RCr 11.42. Brown v. Beto, 5 Cir., 377 F.2d 950; Busby v. Holman, 5 Cir., 356 F.2d 75.

Appellant was convicted after a plea of guilty was entered by him freely and voluntarily in the presence of counsel and with full advice of competent counsel. We can not and will not probe and search this record and psychoanalyze the people involved in this proceeding in order to seek out some flimsy excuse to give this appeal a semblance of validity. There are absolutely no grounds for setting aside this judgment.

The judgment is affirmed.

All concur.