**Ashby CROCKETT, Jr., Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Nov. 19, 1971.

Frank G. Dickey, Jr., Landrum & Patterson, Lexington, for appellant.

John B. Breckinridge, Atty. Gen., James B. Wooten, Asst. Atty. Gen., Frankfort, for appellee.

OSBORNE, Judge.

Appellant, Ashby Crockett, Jr., was sentenced to 21 years in the state penitentiary upon a charge of assault with an offensive weapon with intent to rob. Judgment was entered on January 17, 1956. No timely appeal was taken from that judgment.

On September 14, 1970, the Fayette Circuit Court on a hearing for relief under RCr 11.42 denied appellant's application for relief and overruled a motion to reopen the proceedings. He now makes three contentions of error:

1. He was denied counsel at a preliminary hearing.

2. He inadvertently or mistakenly entered a plea of guilty without fully understanding the charges against him.

3. After he had been granted a hearing on his motion for relief under RCr 11.42, he discovered a witness and moved the court to reopen the RCr 11.42 hearing. This motion was overruled and he now complains that the court abused its discretion in overruling this motion.

■ The record of the case indicates that at the time appellant entered a plea of guilty he was represented by court-appointed counsel. He testified on the RCr 11.42 hearing that he scarcely saw his counsel and on the day he entered the plea of guilty he was in a separate room from his counsel and misunderstood the punishment which the Commonwealth had agreed to recommend on a guilty plea. The attorney who represented the Commonwealth on this case is now deceased. Counsel who represented appellant testified on the RCr 11.42 hearing. His testimony was to the effect that he had no exact memory of this particular case but that his practice was and had always been, when representing an indigent defendant, to make sure that his client understood thoroughly the charges against him and what the possible punishment might be; to determine if the client had witnesses and, if so, subpoena them; and, to make sure that the client understood the plea and the effect thereof.

It is our opinion appellant's first argument, that he was without benefit of counsel at his preliminary hearing, is not sufficient to entitle him to relief under RCr 11.42. We have previously pointed out that the only purpose of a preliminary hearing in this jurisdiction is to determine whether there is sufficient evidence to warrant binding the defendant over to the grand jury and that this does not constitute a critical stage in the proceedings. See Commonwealth v. Watkins, Ky., 398 S.W.2d 698 (1966); Satterly v. Commonwealth, Ky., 441 S.W.2d 144 (1969).

■ On appellant's second contention, that he was mistakenly coerced into a plea of guilty, we are convinced the trial court considered his evidence along with that of his appointed counsel and determined this fact against him. It was pointed out by the trial court that the appellant surely heard the Commonwealth's Attorney recommend to the jury that a sentence of 21 years be imposed. We agree with the trial court under our procedure where the punishment must be fixed by the jury we can hardly conceive of a situation where a defendant can be uninformed as to the punishment being requested when that matter must be submitted to the jury. Surely he knew what punishment was being requested by the Commonwealth. It has been 15 years since the trial. The Commonwealth's Attorney is now deceased. Appellant's counsel in no way supports his contention. We believe the trial court was amply justified in finding that he understood the sentence recommended by the Commonwealth.

■ Appellant's third contention, that the court improperly overruled his motion to reopen the RCr 11.42 ruling, in our opinion, is equally without merit. His new evidence consists of an affidavit from a person who claims to have been in jail with appellant and overheard a conversation between the then Commonwealth's Attorney and the appellant in which the Commonwealth's Attorney threatened to ask for the death penalty unless appellant entered a plea of guilty. Had this evidence been present before the court on the RCr 11.42 procedure it would not have dictated a different result.

The grounds upon which the trial court granted appellant a hearing in the first instance was his allegation that he had inadequate representation by counsel. After the court had heard this matter and overruled his application, appellant then came forth with the affidavit and alleged that

his plea was coerced. He did not present this matter at the hearing nor did he refer to it in his testimony. We do not believe that the trial court was bound to reopen the proceedings and allow the new material to be introduced. The need for finality in post-conviction proceedings must be given some consideration. We cannot ignore this need and allow the accused to reopen any time he is able to conjure up a new contention for relief. To do so would destroy the intent and purpose of RCr 11.42(3) which provides: "Final disposition of the motion shall conclude all issues that could reasonably have been presented in the same proceeding."

We do not believe the trial court abused its discretion in not reopening the hearing.

Judgment affirmed.

All concur.