**Joseph GILBERT, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Supreme Court of Kentucky.

Nov. 21, 1978.

Rehearing Denied Feb. 6, 1979.

Jack Emory Farley, Public Defender, Larry H. Marshall, Asst. Public Defender, Frankfort, for appellant.

Robert F. Stephens, Atty. Gen., Martin Glazer, Asst. Atty. Gen., Frankfort, for appellee.

CLAYTON, Justice.

The appellant, Joseph Gilbert, was convicted of murder (KRS 507.020) and sentenced to life imprisonment. We affirm.

Appellant shot and killed Harold Shorts on July 12, 1977. He pleaded not guilty and gave notice, pursuant to KRS 504.050, of his intention to rely on the defense of mental disease or defect. Trial counsel for Gilbert then moved that a mental examination be conducted, and the trial court so ordered. Dr. Joel Haffner, who performed the examination, concluded that Gilbert was at that time incompetent to stand trial. Thereafter a hearing was held and on October 3, 1977, the trial court, pursuant to KRS 202A.070, ordered appellant committed to Western State Hospital for treatment. Three weeks later the court ordered that Gilbert be reexamined, at which time Dr. Ernest Monongdo and Dr. Calvin Turns each found him competent to stand trial. Apprised of these findings, the trial court set trial for November 29, 1977.

Appellant did not testify at trial. An affidavit containing Dr. Haffner's report was read to the jury, and there was testimony that Gilbert had a history of mental illness and hospitalization. Dr. Monongdo and Dr. Turns testified for the Commonwealth in rebuttal. At no point during the trial did appellant's counsel question Gilbert's competency to stand trial, nor did he move for a hearing on that issue.

Gilbert appeals, asserting numerous assignments of error. The only issue that merits discussion is whether the failure of the trial court to conduct a hearing to determine appellant's competency amounted to denial of due process of law.

The test for competency to stand trial is whether the accused has the capacity to appreciate the nature and consequences of the proceedings against him and to participate rationally in his defense. KRS 504.040(1). A criminal defendant may not be tried or convicted while legally incompetent, and the Supreme Court of the United States has held that due process requires an evidentiary hearing whenever there is sufficient doubt of competency as to require further inquiry on the question. *Drope v. Missouri*, 420 U.S. 162, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975); *Pate v. Robinson*, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966).

Kentucky protects this right by requiring such a hearing if there are reasonable grounds to believe the defendant is incompetent. RCr 8.06; *Hayden v. Commonwealth*, Ky., 563 S.W.2d 720 (1978); *Via v. Commonwealth*, Ky., 522 S.W.2d 848 (1975). However, these reasonable grounds "must be called to the attention of the trial court by the defendant or must be so obvious that the trial court cannot fail to be aware of them." *Matthews v. Commonwealth*, Ky., 468 S.W.2d 313, 314, cert. denied, 404 U.S. 966, 92 S.Ct. 341, 30 L.Ed.2d 285 (1971). The record shows that, unlike *Drope* and *Hayden*, the appellant did not raise the issue of competency before the trial court. And, unlike *Pate* and *Via*, the question of Gilbert's mental competency was not so obvious that the trial court could not fail to be aware of it. Since no reasonable grounds for doubting appellant's competency existed, no error occurred when the trial court failed to hold a hearing.

This court has carefully reviewed each of the other assignments of error and finds them to be without merit.

The judgment is affirmed.

All concur except LUKOWSKY, J., who dissents.

LUKOWSKY, Justice, dissenting:

In 1881 Mr. Justice Holmes pointed out in his Lectures on the Common Law, "The life of the law has not been logic: it has been experience." I do not fault the logic by which my brothers determine that a reasonable judge, situated as was the trial judge here, would not have been troubled by doubt with respect to Gilbert's competency to stand trial. However, the juristic experience supplied by the history of *United States v. Ives*, C.A. 9th, 504 F.2d 935, 946–953 (1974), vacated and remanded, 421 U.S. 944, 95 S.Ct. 1671, 44 L.Ed.2d 97 (1975), remanded 547 F.2d 1100 (1976), cert. denied, 429 U.S. 1103, 97 S.Ct. 1130, 51 L.Ed.2d 554 (1977), reversed 574 F.2d 1002 (1978), convinces me that this determination will not withstand federal constitutional attack.

That case like this was originally decided on the basis that the probative effects of a prior psychiatric report of incompetence to stand trial and a finding of such incompetence after a hearing were completely dissipated by the later certification of competency to stand trial made in a report from the psychiatric institution to which the defendant had been committed. Further extensive judicial mastication resulted in a new decision indicating that the first report and finding were sufficient to place the trial judge on notice that there was a reasonable question of the defendant's competency to stand trial which could only be answered by an evidentiary hearing.

I would vacate the judgment and remand the case to the trial court with directions to hold an evidentiary hearing and determination of Gilbert's mental competence to stand trial at the time trial was held. If he was mentally competent the judgment should be reentered. If he was not competent, an evidentiary hearing and determination of his present mental competency to stand trial should be had. If he is found competent he should be tried again. If he is found incompetent he should be dealt with as provided in KRS 504.040(2).

This disposition would do no violence to our decision in *Hayden v. Commonwealth*, Ky., 563 S.W.2d 720, 722–723 (1978), because in this case psychiatric evidence based upon examinations conducted close to the trial date would insure that the nunc pro tunc hearing would not be unduly speculative. *Bowers v. Battles*, C.A. 6th, 568 F.2d 1, 4–5 (1977); *Harkins v. Wyrick*, C.A. 8th, 552 F.2d 1308, 1311–1313 (1977); *United States v. Makris*, C.A. 5th, 535 F.2d 899, 904–905 (1976), cert. denied, 430 U.S. 954, 97 S.Ct. 1598, 51 L.Ed.2d 803, rehearing denied, 431 U.S. 909, 97 S.Ct. 1707, 52 L.Ed.2d 394 (1977).