RENDERED:  DECEMBER 3, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-0072-MR

SCOT GAITHER                                                                    APPELLANT

v.                  APPEAL FROM DAVIESS CIRCUIT COURT
        HONORABLE JOSEPH W. CASTLEN, III, JUDGE
                ACTION NO. 02-CR-00446

COMMONWEALTH OF KENTUCKY                                      APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  MAZE, TAYLOR, AND K. THOMPSON, JUDGES.

THOMPSON, K., JUDGE:  Scot Gaither appeals from an order of the Daviess

Circuit Court summarily denying his motion pursuant to Kentucky Rules of

Criminal Procedure (RCr) 11.42 as untimely and successive.  We affirm.

The underlying facts are as follows:

James Parson, Sr., was reported missing on August 30,
2001.  The next day Parson's family received a telephone
call claiming Parson was being held for ransom.  Since
several calls concerning ransom were made to Parson's

home, the Kentucky State Police (KSP) and the [Federal Bureau of Investigation] FBI began surveillance. As a result of the surveillance, [Gaither] was arrested while making a ransom call at a pay telephone.

[Gaither] was indicted for the murder, kidnapping, and robbery of Parson, [Gaither's] former business partner. [Gaither] testified that on the day of Parson's disappearance, Parson drove [Gaither] to a rural area and held [Gaither] at gunpoint. According to [Gaither's] testimony, during a struggle for the weapon, the gun discharged and Parson was shot. [Gaither] left Parson for dead in a roadside ditch, then drove Parson's van to Evansville, Indiana, where it was abandoned in a shopping mall parking lot. [Gaither] argued he acted in self-defense, and that he was mentally ill at the time.

*Gaither v. Commonwealth*, No. 2004-SC-0474-MR, 2006 WL 436071, at *1 (Ky. Feb. 23, 2006) (unpublished). In 2004, following a jury trial, Gaither was convicted of first-degree manslaughter, kidnapping, theft by unlawful taking of property valued at less than $300, and tampering with physical evidence. His sentences included life without the possibility of parole for the kidnapping conviction and a concurrent twenty years for the manslaughter conviction.

Gaither, who chose to proceed *pro se*, filed a direct appeal with the Kentucky Supreme Court, raising fifteen claims of error, most of which were unpreserved. *Id.* at *1. This included claims of ineffective assistance of counsel which the Court declined to address at that time because such claims had not yet been presented to the trial court. *Id.* at *4. The Court affirmed on all grounds. *Id.* at *6.

-2-

In October 2006, Gaither filed a *pro se* motion pursuant to RCr 11.42 alleging twenty-five incidents of ineffective assistance of counsel. The trial court denied Gaither relief in two separate orders. One order dismissed seventeen of the claims of ineffective assistance of counsel without an evidentiary hearing, with the trial court indicating relief was unavailable because they either should have been brought on direct appeal or had already been resolved on direct appeal.

Gaither appealed this order dismissing and the Court of Appeals affirmed in part, reversed in part, and remanded, determining that the trial court was required to address three of Gaither's ineffective assistance of counsel claims on the merits: faulty impeachment of a witness, failure to object to the sentencing phase instruction regarding aggravating circumstances on the kidnapping charge, and failure to object to an improper closing argument statement. *Gaither v. Commonwealth*, No. 2007-CA-000634-MR, 2008 WL 4822233, *7 (Ky.App. Nov. 7, 2008) (unpublished). The Court of Appeals left it to the trial court's discretion as to whether an evidentiary hearing was needed to fully address these issues. *Id.*

On remand, the trial court held an evidentiary hearing on all three issues and determined Gaither was entitled to a new sentencing hearing due to improper kidnapping instructions and the jury's failure to find an aggravating factor.

Gaither appealed the denial of his other claims for ineffective assistance of counsel and additionally argued that the trial court erred in refusing to allow him to call jurors as witnesses to testify to the prejudice caused by the Commonwealth's improper statement and denying his motion to supplement his RCr 11.42 motion with additional claims. *Gaither v. Commonwealth*, No. 2010-CA-002300-MR, 2013 WL 3013579, at *2 (Ky.App. Jun. 14, 2013) (unpublished). The Court of Appeals affirmed. *Id*. at *4.

The new sentencing hearing related to the kidnapping conviction was conducted in 2015, and the trial court imposed the sentence recommended by the jury: imprisonment for life to be served concurrently with the previously imposed twenty-year sentence for manslaughter. Gaither appealed, arguing there were four errors in the new penalty phase trial on the kidnapping conviction. *Gaither v. Commonwealth*, 521 S.W.3d 199, 203 (Ky. 2017). The Kentucky Supreme Court affirmed the sentence. *Id.* at 209.

Gaither filed the RCr 11.42 motion at issue in this appeal in September 2018, with the assistance of counsel. Gaither alleged several incidents of ineffective assistance of counsel, all relating back to his 2004 trial and conviction. He argued he was denied effective assistance of counsel (1) on direct appeal; (2) during the guilt phase of his trial when his attorney failed to adequately investigate the law controlling the case, failed to seek proper instructions or to

-4-

limit the instructions in this case, and failed to object to the prosecutor's arguments concerning the definition of "restraint" as it related to the offense of kidnapping (not released alive); (3) during the guilt phase of his trial when counsel failed to seek an instruction on attempted theft by extortion as a lesser included offense of kidnapping; (4) when counsel failed to investigate the MapCo video or request information from the FBI, which would have revealed the presence of the enhanced video; (5) when counsel failed to investigate or hire an expert to rebut the testimony of a witness concerning a phone call she allegedly made around the time of the kidnapping and homicide; and (6) because the cumulative effect of the errors undermine the confidence in the ultimate verdict. Gaither also alleged he was denied access to exculpatory evidence when the Commonwealth failed to disclose the existence of an enhanced surveillance video taken from the MapCo gas station. The trial court denied the motion as untimely and successive without holding a hearing.

Gaither raises four arguments on appeal. He contends: (1) his second motion pursuant to RCr 11.42 was timely and he is entitled to have his claims reviewed on the merits; (2) he was denied due process and his Sixth Amendment right to assistance of counsel on direct appeal; (3) he is entitled to an evidentiary hearing related to the claims in his RCr 11.42 motion; and (4) he is entitled to an

evidentiary hearing related to an enhanced version of a surveillance video obtained from a gas station on the night of Parson's disappearance.

We review a trial court's denial of an RCr 11.42 motion for abuse of discretion. *Bowling v. Commonwealth*, 981 S.W.2d 545, 548 (Ky. 1998). The movant has the burden "to establish convincingly that he was deprived of some substantial right which would justify the extraordinary relief afforded by the post-conviction proceedings provided in RCr 11.42." *Dorton v. Commonwealth*, 433 S.W.2d 117, 118 (Ky. 1968). In reviewing a RCr 11.42 motion, "our review is confined to whether the motion on its face states grounds that are not conclusively refuted by the record and which, if true, would invalidate the conviction." *Lewis v. Commonwealth*, 411 S.W.2d 321, 322 (Ky. 1967).

RCr 11.42(10) provides in relevant part as follows:

Any motion under this rule shall be filed within three years after the judgment becomes final, unless the motion alleges and the movant proves either:

(a) that the facts upon which the claim is predicated were unknown to the movant and could not have been ascertained by the exercise of due diligence; or

(b) that the fundamental constitutional right asserted was not established within the period provided for herein and has been held to apply retroactively.

-6-

We agree with the trial court that Gaither's second RCr 11.42 motion is untimely. The motion was filed in 2018, approximately ten years after Gaither's 2004 conviction became final in 2008 following his direct appeal. It is untimely by approximately seven years unless it qualifies for either of the exceptions set out in RCr 11.42(10)(a) and (b). However, Gaither failed to make any allegations that any of his claims would qualify for one of these exceptions.

While Gaither's second RCr 11.42 motion would have been timely, had it concerned claims of ineffective assistance of counsel regarding the new penalty phase trial and subsequent sentence regarding his kidnapping charge, which was finalized by the Kentucky Supreme Court on direct appeal in 2017, Gaither's current claims do not relate to that proceeding. Therefore, the trial court acted correctly in summarily denying Gaither's second RCr 11.42 motion.

We also agree with the trial court that Gaither's second RCr 11.42 motion is successive. As explained in *Gross v. Commonwealth*, 648 S.W.2d 853, 857 (Ky. 1983), after the avenue of pursuing a direct appeal is exhausted, a defendant must next pursue RCr 11.42 relief "as to any ground of which he is aware, or should be aware, during the period when this remedy is available to him. Final disposition of that motion, or waiver of the opportunity to make it, shall conclude all issues that reasonably could have been presented in that proceeding." Therefore, successive RCr 11.42 motions are generally prohibited. *See McDaniel*

*v. Commonwealth*, 495 S.W.3d 115, 121 (Ky. 2016); *Sanders v. Commonwealth*, 339 S.W.3d 427, 438 (Ky. 2011).

Gaither has not identified any reason why he could not have raised his current grounds for relief in his previous RCr 11.42 motion. Additionally, we cannot identify any reason why each of Gaither's current claims could not have reasonably been included in his first RCr 11.42 motion filed in 2006. Therefore, his second RCr 11.42 motion is impermissibly successive and was appropriately denied.

Gaither has thoroughly explored all possible avenues for relief pursuant to RCr 11.42 and finality is now required. *See Crockett v. Commonwealth*, 473 S.W.2d 112, 114 (Ky. 1971).

Accordingly, we affirm the order of the Daviess Circuit Court summarily denying Gaither's RCr 11.42 motion.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Timothy G. Arnold
J. Ryan Chailland
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Matthew R. Krygiel
Assistant Attorney General
Frankfort, Kentucky