RENDERED:  DECEMBER 16, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0516-MR

NATHAN RAWAL                                         APPELLANT

                 APPEAL FROM JEFFERSON CIRCUIT COURT
v.       HONORABLE JUDITH E. MCDONALD-BURKMAN, JUDGE
                      ACTION NO. 16-CR-002735

COMMONWEALTH OF KENTUCKY                           APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  ACREE, COMBS, AND K. THOMPSON, JUDGES.

THOMPSON, K., JUDGE:  Nathan Rawal appeals from an order of the Jefferson

Circuit Court denying his motion for relief pursuant to Kentucky Rules of Criminal

Procedure (RCr) 11.42.  Rawal argues his prior guilty plea was involuntary

because he was suffering from an untreated mental illness when he entered the

plea.  Rawal also argues his counsel was ineffective for not recognizing his

condition, not fully explaining his plea deal, and failing to investigate alleged prior

abuse he suffered at the hands of his victim. The circuit court summarily denied Rawal's motion without conducting an evidentiary hearing. We affirm because the record precludes relief.

On July 29, 2016, following a verbal altercation with his mother and a subsequent argument with his uncle, Rawal fired a pistol at his uncle in proximity to two children who were nearby playing. On October 11, 2016, Rawal was indicted on three counts of wanton endangerment first degree pursuant to Kentucky Revised Statutes (KRS) 508.060, a class D felony. While an indictment was also sought for criminal attempted murder, a class B felony, based on Rawal trying to murder his uncle, the grand jury declined to indict on this charge, resulting in a "no true bill." Until his eventual sentencing, Rawal remained in custody.

On December 21, 2016, the parties advised the circuit court that they had reached a plea agreement. Rawal previously signed a motion to enter a guilty plea and accepted the Commonwealth's offer which specified that the Commonwealth agreed to a "five (5) year sentence to serve, or a ten (10) year sentence if probated" and did not oppose probation. The agreement further noted "[t]he sentence on each count will run concurrently with each other if the defendant is sentenced to serve, or Counts 1 and 2 shall run concurrently with each other but consecutive to Count 3 if the defendant is probated." Among the conditions was that Rawal "shall not be charged with any criminal offense in any

jurisdiction (State or Federal) from the date of this Indictment[,]" apparently to prevent a superseding indictment from being sought to add an attempted murder charge, which the grand jury had previously rejected.

The plea agreement was explained on the record as five years to serve concurrently on each of the three wanton endangerment first degree charges, or, if probated, a total of ten years to serve (Counts 1 and 2 each five years concurrent with a five-year sentence on Count 3 to be served consecutively).

During his plea colloquy, Rawal coherently engaged with the circuit court and the video record shows no indicia whatsoever of Rawal being affected by any physical, emotional, or mental impairment. The circuit court carefully and thoroughly explained to Rawal that he had a right to a trial, what such a trial would be like, that Rawal could call witnesses, that the burden was on the prosecution, and that, if he chose to go to trial, that he had a right to an appeal. The circuit court also questioned Rawal if he'd had enough time to go over the evidence against him with his counsel.

Most importantly for purposes of this appeal, the circuit court asked Rawal if he had been "treated by a doctor for any reason physical or mental or emotional." Rawal answered in the negative.

At sentencing, Rawal's counsel explained the incident with Rawal's uncle and stated that Rawal had been confronted and then chased by his uncle prior

-3-

to retrieving the handgun he discharged at his uncle. The circuit court also noted that it had received three pre-sentencing letters in support of a sentence of probation. These letters did not report that Rawal had any psychological issues or required any medication.

The circuit court advised Rawal that he was "bargaining for a double sentence" under the terms of the agreement should he violate the conditions of probation and Rawal specifically acknowledged his understanding. The circuit court noted Rawal's history of substance abuse issues and ordered him to undergo a substance abuse and mental health evaluation. The circuit court then sentenced Rawal to a total of ten years to serve, probated for five years.

Rawal's probation was eventually terminated in August 2017 after a series of violations earlier in the year, including a guilty plea for assault in the third degree, a positive test for methamphetamine which he admitted to using, failing to report, and then, when he did report, admitting to methamphetamine and marijuana use. Rawal failed to appear at his first revocation hearing in June 2017 and a bench warrant was issued. Rawal was subsequently arrested and charged with possession of a controlled substance, first degree (methamphetamine). After it was discovered he was taking drugs into the jail on his body, he was also charged with tampering with physical evidence and promoting contraband.

Prior to his rescheduled revocation hearing on August 4, 2017, Rawal's mother wrote another letter to the circuit court which explained that "[e]very single time Nathan has gotten himself into trouble he was on meth." The circuit court revoked Rawal's probation and sentenced him to ten-years' incarceration pursuant to his prior plea agreement. The circuit court cited Rawal's continuous drug use, failure to complete treatment, felony arrest, and failures to report as the bases for revocation.

In February 2018, Rawal filed a motion for shock probation which the circuit court denied the following month. Rawal's motion contained no allegations of past or present mental health issues. Letters written in support of his motion discussed his "drug addiction."

In a subsequent letter to the circuit court dated March 13, 2018, Rawal's mother stated that, while in prison, Rawal "had been requesting medication due to irritability and depression" and "[y]our Honor, we did not know that he needed to be on medication and three at once seems severely strong, but that's what they prescribed him just prior to the altercation mentioned in the court hearing." That letter is the first and only mention in the record of Rawal having any emotional or mental issues or being prescribed any medications for such.

Almost two years later, on February 20, 2020, Rawal filed his verified RCr 11.42 motion. In his motion, Rawal asserted that prior to pleading guilty he

had suffered from mental illness, including bipolar disorder with psychotic features, and had been prescribed three different medications, none of which was administered by jail staff while he awaited trial despite informing jail staff of his needs and writing "several complaints." According to Rawal, he was "suffering from a full-blown and untreated bipolar disorder and anxiety at the time he was offered a plea bargain" and thereby rendering his plea involuntary.

Rawal also claimed he received ineffective assistance of counsel, arguing his attorney allowed the Commonwealth to "entice" Rawal with a plea deal that he misunderstood in his "mentally fragile state" and did not investigate a prior history of abuse perpetrated against Rawal by his victim.

On March 13, 2020, the circuit court, without conducting an evidentiary hearing, denied the motion in a written opinion and order which provides in relevant part:

> On December 21, 2016, Defendant entered a plea of guilty to three counts of Wanton Endangerment I. The Commonwealth's recommendation was five years to serve or ten if probated. The terms of the plea agreement were explained to Defendant by counsel. In his colloquy with the Court, Defendant said under oath that he was *not* being treated by a doctor for any physical or mental illness. He testified that there was nothing about his plea that he did not understand. On February 16, 2017 the matter came before the Court for sentencing. Once again, Defendant stated that he understood what was essentially a "double sentence." He asked for probation and that was granted.

Regarding Rawal's allegation of mental illness, the circuit court also stated that the issue of Rawal's suffering any mental illness had not been raised prior to sentencing and that Rawal did not present sufficient information to initiate an inquiry on the issue of his "substantial capacity to comprehend the nature and consequences of the proceeding pending against him," citing to both *Commonwealth v. Strickland*, 375 S.W.2d 701 (Ky. 1964) and *Bell v. Commonwealth*, 395 S.W.2d 784 (Ky. 1965).

Our standard of review was set forth in *Ford v. Commonwealth*, 628 S.W.3d 147, 156 (Ky. 2021), which states that "[i]n reviewing an RCr 11.42 proceeding, the appellate court reviews the trial court's factual findings for clear error while reviewing the application of its legal standards and precedents *de novo*." Also, "[t]o prevail on an RCr 11.42 motion, the movant must convincingly establish he was deprived of some substantial right justifying the extraordinary relief afforded by the post-conviction proceeding." *Bratcher v. Commonwealth*, 406 S.W.3d 865, 869 (Ky. App. 2012). The burden of proof for RCr 11.42 motions lies with the accused. *Dorton v. Commonwealth*, 433 S.W.2d 117, 118 (Ky. 1968).

Where, as here, an RCr 11.42 hearing is denied, appellate review is limited to "whether the motion on its face states grounds that are not conclusively

refuted by the record and which, if true, would invalidate the conviction." *Lewis v. Commonwealth*, 411 S.W.2d 321, 322 (Ky. 1967).

Rawal first argues that his plea was involuntary because he was incompetent at the time because he was suffering from untreated mental illness.

As explained in *Lear v. Commonwealth*, 884 S.W.2d 657, 659 (Ky. 1994):

> An incompetency hearing is only required when the trial judge is presented with sufficient evidence of reasonable doubt of competency to stand trial. *Hunter v. Commonwealth,* Ky., 869 S.W.2d 719 (1994). If no reasonable grounds exist for doubting a defendant's competency, no error occurred in not holding a hearing. *Gilbert v. Commonwealth,* Ky., 575 S.W.2d 455 (1978). Reasonable grounds must be called to the attention of the trial court or must be so obvious that the trial judge cannot fail to be aware of them. *Henley v. Commonwealth,* Ky., 621 S.W.2d 906 (1981).

*See Gilbert v. Commonwealth*, 575 S.W.2d 455, 456 (Ky. 1978) (explaining that if there are no reasonable grounds to believe the defendant is incompetent, either by these grounds being called to the attention of the court or being obvious, there is no error in failing to hold a competency hearing).

No inquiry into Rawal's competency occurred prior to Rawal's guilty plea, his sentencing, or any of the post-trial proceedings because Rawal never alerted the circuit court, or his counsel, to any such issues. There was also no outward indication that Rawal was suffering from such condition, much less that it

was serious enough to merit a *sua sponte* inquiry into his competency, where Rawal coherently and rationally engaged with the circuit court at all times.

Additionally, even now, despite alleging to have documentation of his mental health conditions and documented complaints about the lack of mental health care Rawal received while in jail awaiting his trial, no evidentiary proof of such a status was provided to the circuit court. Rawal asks us to simply accept his allegations of mental illness and his opinion that they were so severe that they rose to the level of rendering him incompetent to enter his plea.

Rawal cannot be prejudiced if he was never entitled to a competency hearing or if he would have been found competent had a competency hearing been held. Even if we assume that Rawal had a mental illness or mental health issues and did not receive appropriate care for them, there is no reason to believe that they were sufficiently serious as to render him incompetent to enter a plea.

In *Jones v. Commonwealth*, 260 S.W.3d 355, 360 (Ky. App. 2008), the Court of Appeals noted that a defendant's unsworn statement during his sentencing hearing that he suffered from anxiety and depression and wanted to obtain medical treatment for these conditions was insufficient to raise any reasonable doubt as to his competency, explaining that such a statement "failed to show that he did not understand what was happening in the proceedings, nor did it show that he was incompetent to stand trial. Furthermore, because [the defendant]

swore during his plea colloquy that he had never suffered from a mental disease or defect, the circuit court had no reason to doubt [his] competency."

Additionally, even if there were any error in failing to evaluate Rawal, it was an invited error as he specifically denied having any mental illness or being under any treatment for such. Rawal's denial precludes any potential relief as we will not countenance revisiting the validity of his plea under such circumstances. *See Tackett v. Commonwealth*, 445 S.W.3d 20, 28 (Ky. 2014) (discussing that invited error precludes relief). Just as counsel cannot be ineffective for failing to investigate a defense or potential witnesses where the defendant failed to share pertinent information to alert counsel that such existed,[1] a withdrawal from a plea should not be available where the defendant at the time of his plea had knowledge of his condition but withheld informing the circuit court, his counsel, or even his mother about it, when the issue of his competency could properly be addressed. Therefore, because Rawal's proof is utterly lacking and he cannot establish prejudice in any event, the circuit court acted appropriately in summarily dismissing this claim.

---

[1] *See, e.g.*, *Sheroan v. Commonwealth*, No. 2007-CA-001656-MR, 2008 WL 2941175, at *2 (Ky. App. Aug. 1, 2008) (unpublished) (noting that the defendant was not entitled to RCr 11.42 relief for counsel's failure to investigate because the defendant failed to inform counsel about the potential testimony of two witnesses and counsel, thus, "could not reasonably have been expected to know of any need to interview them"). We do not cite this case as authority but agree with its reasoning.

We next address Rawal's ineffective assistance of counsel claim. The right to counsel in a criminal case is guaranteed by the Sixth Amendment to the United States Constitution and Section Eleven of the Kentucky Constitution. As the United States Supreme Court observed in *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 2063, 80 L.Ed.2d 674 (1984), the right to counsel is the right to the "effective assistance of that counsel." Our standard of review of a motion alleging ineffective assistance of counsel is governed by rules set forth by the Supreme Court in *Strickland* which prescribed a two-pronged test setting forth the defendant's burden of proof in these cases:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id.* at 687, 104 S.Ct. 2064. Both criteria must be met in order for the test to be satisfied. In this matter, neither is met.

Furthermore, "[a] reviewing court, in determining whether counsel was ineffective, must be highly deferential in scrutinizing counsel's performance, and the tendency and temptation to second guess should be avoided." *Russell v. Commonwealth*, 992 S.W.2d 871, 875 (Ky. App. 1999).

-11-

In the context of a guilty plea, to establish prejudice the appellant must demonstrate "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985). Stated another way, in *Padilla v. Kentucky*, 559 U.S. 356, 372, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010), the United States Supreme Court stated that "to obtain relief [on an ineffective assistance claim] a petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." *See also Williams v. Commonwealth*, 336 S.W.3d 42 (Ky. 2011).

Rawal argues that his counsel either failed to explain the terms of his plea deal in such a way as Rawal understood that he could face a "double sentence" if he violated probation, or that Rawal's "untreated mental illness prevented him from comprehending this provision." Since we have already determined that there is no basis for the belief that Rawal was not competent to understand the proceedings, we will only address his claim that his counsel failed to adequately explain the repercussions of his violating probation which would result in ten-years' incarceration and make sure he understood the same. However, Rawal fails to make any allegation that he told counsel that he was having trouble understanding the proposed agreement or there was any reason that his counsel should have doubted his understanding.

-12-

Rawal was bargaining for probation and achieved that end. Nothing within the record supports the notion that the consequences of a probation violation to Rawal were not explained or that he was otherwise unaware of those consequences. To the contrary, the circuit court itself warned Rawal and ensured that Rawal understood the possible sentences he was facing. Rawal's cogent answers to the circuit court's questioning and failure to ask for any clarification belie his argument that he did not understand the plea agreement or the consequences should he be placed on probation and then violate it and be revoked.

Rawal argues his counsel was also ineffective for failing to investigate the history of abuse he allegedly received from his uncle prior to the incident. To Rawal, this translates into a failure of his counsel to investigate a potential avenue of arguing that shooting at his uncle (who was in proximity to two children) was a justifiable act of self-defense or potentially a ground of mitigation to be considered at sentencing. Again, the record dispels such an assertion. At sentencing, Rawal's counsel spoke at length that Rawal saw his uncle as the family's "enforcer" and did so as a means of mitigating Rawal's actions and securing probation for this client. Counsel evinced a strong familiarity with all the underlying background facts of the case and Rawal himself, under oath, stated he was satisfied with counsel's efforts and advice.

Lastly, the ultimate question here is whether, had the alleged errors not taken place, there would be a reasonable probability that Rawal would have rejected the Commonwealth's plea offer (which led to him being released on probation), and taken his chances at trial. Rawal discusses the injustice that he ended up having to serve a ten-year sentence instead of a five-year sentence, and that he would have rejected the plea agreement and proceeded to trial had he understood he might ultimately serve ten years or believed his attorney would properly investigate his defense and advocate for him.

We observe that while Rawal was only indicted for three class D felonies, the Commonwealth could have potentially sought a new superseding indictment subjecting him to an attempted murder charge with a maximum of twenty years. *See Bishop v. Caudill*, 87 S.W.3d 1, 3 (Ky. 2002) (explaining that "[o]n the basis of additional *inculpatory* evidence, the grand jury can issue a new, superseding indictment charging the defendant with additional offenses"). While we will not speculate on the chances that the Commonwealth would be successful in seeking to re-indict Rawal for attempted murder, through the plea agreement Rawal gained the valuable concession that one would not be sought and the most time he could serve would be ten years. Additionally, Rawal acknowledged his action in shooting the gun, even if he may have tried to justify himself, which made a potential acquittal had he gone to trial unlikely.

-14-

Using *Padilla*'s language, would it have been a "rational" decision to reject the plea deal under the circumstances? Rawal received a very favorable outcome when he was released on probation. Although he appears to have buyer's remorse now, because he was ultimately unsuccessful on probation and had to serve his sentence, he avoided the maximum sentence on his indicted charges and facing an additional term had he ultimately been indicted and found guilty of attempted murder. Considering all of this, we can say with confidence that it would not have been a rational decision to reject this plea agreement.

Accordingly, we affirm the Jefferson Circuit Court's denial of Rawal's motion for RCr 11.42 relief.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Michael L. Goodwin
Louisville, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Courtney J. Hightower
Assistant Attorney General
Frankfort, Kentucky